OPINION OF THE COURT
Roger J. Miner, J.
Defendant moves for summary judgment in an action wherein plaintiffs seek to recover for a burglary loss under the provisions of a certain policy of insurance issued by defendant. In the complaint the plaintiffs plead their claim that the defendant breached the insurance contract by failing to pay the sum of $34,503.70 in reimbursement of the loss occasioned by the theft of jewelry, gems and precious stones. It is allowed that the burglary occurred on or about July 16, 1976, that it was reported to the police and to the insurance agent shortly thereafter and that a sworn statement in a proof of loss was filed on or about August 31, 1976.
The insurance policy in question is a so-called "Homeowner Policy”, which insures against various risks associated with *394 the ownership of a dwelling. Defendant asserts that the plaintiffs’ claim is barred by the provisions of section 2b contained on page 3 of defendant’s standard homeowner’s policy. (H02 [10-72].) According to those provisions, the defendant, under coverage "C” of the policy, is not liable for loss in any one occurrence exceeding "$500 in the aggregate for loss by theft of jewelry, watches, necklaces, bracelets, gems, precious and semi-precious stones, gold, platinum and furs”.
There appears to be no question that plaintiffs were entitled to the benefits of coverage "C”, which provided coverage for loss of "Unscheduled Personal Property” in the amount of $34,250. However, plaintiffs assert that the policy of insurance furnished to them did not include the provision for limitation of defendant’s liability described above. Attached to the papers presented to the court is a copy of the policy issued by defendant, through Metz Wood Agency, Inc., on December 18, 1975 for the policy period January 15, 1976 to January 15, 1977. This document does not include the limitation of liability provision.
It is apparent that the policy issued on December 18, 1975 was a renewal of a homeowner’s policy theretofore issued by defendant. The "Renewal Declarations” include a reference to "Coverage Form HO-2 (10-72) C”, the basic policy form which included the limitation of liability relied upon by defendant here. The incorporation by reference of certain provisions of the original policy was proper. (29 NY Jur, Insurance, § 624; 30 NY Jur, Insurance, § 709.) Conversations allegedly had between plaintiff Howard M. Shaw and a representative of Metz Wood Agency are irrelevant, since plaintiffs have pleaded only a cause of action based upon the insurance contract. As has been demonstrated, that contract limits the liability of defendant upon the type of claim asserted by plaintiffs in this action. Plaintiffs having heretofore received payments in accordance with those limits, the motion must be granted.